UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONGYANG MOOLSAN CO., LTD.,
a Korean Company,

        Plaintiff,                        FILE NO. 5:06-CV-96

v.                                      HON. ROBERT HOLMES BELL

NRI, INCORPORATED, a Michigan Corporation,
d/b/a DECKER & CO., INC.,

        Defendant.
_____/

**ORDER OF CONTEMPT**

      This is an action for claim and delivery, pursuant to MICH. COMP. LAWS § 600.2920 and MICH. CT. R. 3.105, brought by Plaintiff Tonyang Moolsan Co., Ltd. ("TYM") against Defendant NRI, Inc. d/b/a Decker & Co., Inc. ("Decker"). The matter is before the Court on Plaintiff's motion to show cause why Michael Boucher, the President of Decker, should not be held in contempt for failing to comply with the Court's June 26, 2006 order, directing him to provide an accounting of the disposition of all tractors, front end loaders and related spare parts identified on Exhibits 3 and 4 to TYM's verified motion for possession, including identification of the purchaser or transferee for each item, the date of disposition, and the amount of compensation received, and further directing that he should produce for inspection the documents that support each declaration. In addition, the order required Boucher to explain the disposition of any proceeds from the sale of each item, including the asset form

in which the proceeds exist, and that he produce for inspection the documents that support such explanation.

Michael Boucher was personally served with the order on June 29, 2006, and the Defendant also was served by mail. Boucher failed timely to respond to the order in any fashion. On July 31, 2006, a default was entered against Decker because it had failed to answer the complaint or otherwise appear. On August 3, 2006, this Court entered a default judgment in the full amount of Plaintiff's requested damages, $1,078,480.86.

Also on August 3, 2006, Boucher having not responded to the June 26, 2006 order, Plaintiff TYM moved for an order to show cause why Boucher should not be held in contempt. This Court issued an order to show cause on August 10, 2006, directing Boucher to appear at a show cause hearing on September 7, 2006, to explain why he should not be held in contempt for his failure to comply. The day before the hearing, September 6, 2006, Boucher provided Plaintiff with a 30-page document that addressed portions of the required information with respect to the tractors in issue, but provided no information regarding price or disposition of the proceeds for the sales of tractors, and no information at all regarding the front end loaders and related spare parts.

On September 7, 2006, the morning of the hearing, an attorney entered an appearance for Decker. The attorney appeared at the hearing on behalf of Decker and Boucher appeared *pro se*. The Court heard argument and examined Boucher under oath regarding his failure to comply.

As the Court found on the record at the hearing, Plaintiff met its burden of establishing by clear and convincing evidence that Boucher had "'violated a definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (1996) (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).  The Court further found that Boucher had failed to demonstrate that he was presently unable to comply with the Court's order.  *See Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).  In addition, the Court concluded that Boucher had failed to take all reasonable steps within his power to comply with the Court's order.  *Id.*

Accordingly, for these reasons and for the reasons stated on the record at the hearing held September 7, 2006,

**IT IS ORDERED** that Plaintiff's motion for order to show cause why Michael Boucher should not be held in contempt of court (Docket #23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's president, Michael Boucher, is found in civil contempt of Court for his failure to comply with this Court's June 26, 2006 order.

**IT IS FURTHER ORDERED** that Plaintiff shall provide to Boucher and shall file with this Court not later than September 13, 2006, an affidavit of the costs and attorney fees necessitated by Boucher's failure to comply, together with supporting documentation.

**IT IS FURTHER ORDERED** that Boucher may purge himself of contempt by appearing before this Court on September 15, 2006 at 9:00 a.m. with a verified affidavit that he has completed an accounting in compliance with the Court's June 26, 2006 order and that he has paid the reasonable and necessary costs and attorney fees incurred by Defendant as the result of Boucher's failure to timely comply with the June 26, 2006 order.

**IT IS FURTHER ORDERED** that, should Boucher fail to purge his contempt as directed, the Court shall direct the United States Marshal to take Boucher into custody until such time as Boucher fully complies with the Court's June 26, 2006 order.

**IT IS FURTHER ORDERED** that Plaintiff shall personally serve a copy of this order on Michael Boucher.

Date:   September 8, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE